**M. C. Hill, Appellant, v. Illinois Central Railroad Company, Appellee.**

COMMON CARRIERS—*when merchandise cannot be stopped in transit.* If the sale to the consignee is complete, the consignor has no right to divert the shipment except in the case of the insolvency of the consignee.

Action commenced before justice of the peace. Appeal from the Circuit Court of Union county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

WILLIAM D. LYERLE, for appellant.

W. W. BARR and CHARLES E. FEIRICH, for appellee; J. M. DICKINSON, of counsel.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This cause originated before a police magistrate and on appeal to the Circuit Court, a jury was waived and upon a trial the court found the issues for appellee and gave judgment against appellant for costs. To reverse this judgment, this appeal is prosecuted.

The appellant was engaged at Cobden in the business of buying and selling fruits and vegetables in car lots. On the evening of July 20, 1907, he had a car of tomatoes on the track of appellee at Cobden for shipment, and after communicating with one E. R. Hayes, of Topeka, Kansas, a commission merchant, he on the same evening billed the car and consigned it to Hayes at Topeka. The car left Cobden on its way about eight o'clock the same evening.

On the morning of July 22nd, as the testimony shows, appellant received from Hayes what is called a bank guaranty for three hundred dollars which was for some reason not satisfactory to him. He then offered to sell the car of tomatoes to a firm in Kansas City on terms more satisfactory and they accepted his offer. He then ordered the agent of appellee at Cobden to divert the car from Hayes, Topeka, Kansas, to the Kansas City firm at Kansas City. The appellee failed to divert the car as ordered and it was delivered to Hayes, the consignee, at Topeka.

The testimony further shows that appellant cashed the bank guaranty for three hundred dollars received from Hayes and never receiving any more in payment for the car, he claims to have lost the sum of one hundred and seventy-nine dollars and five cents, the difference between the value of the tomatoes at the price

to be paid by Hayes and the amount of the bank guaranty.

If the original transaction between appellant and Hayes was not a completed sale to the latter, it became so by appellant cashing the bank guaranty which he had received from Hayes. This amounted to a ratification of the sale. There is no evidence of any restrictions upon appellee respecting the consignment to Hayes.

This being so appellant had no right to divert the shipment and no further right respecting it except the right of stoppage *in transitu* in case of the insolvency of the consignee of which there was no proof. Hutchinson on Carriers, par. 413; Shaw v. Lady Ensley Coal Co., 147 Ill. 526.

The finding and judgment of the Circuit Court was right and is affirmed.

*Affirmed.*